Ortiz, Plaintiff in error, vs. The State, Defendant in error.

*January 11—February 5, 1929.*

For the plaintiff in error there was a brief by *Anderson, Donovan & Steinle* of Milwaukee, and oral argument by *Roland J. Steinle*.

For the defendant in error there was a brief by the *Attorney General, Eugene Wengert,* district attorney of Milwaukee county, *George B. Skogmo,* special assistant district attorney, and *C. Stanley Perry,* assistant district attorney, and oral argument by *Mr. Perry*.

ESCHWEILER, J. The trial court submitted to the jury, murder in the first degree, sec. 340.02, Stats.; murder in the second degree, sec. 340.03; manslaughter in the third degree, sec. 340.18; and manslaughter in the fourth degree, sec. 340.25. He was found guilty of murder in the first degree and judgment was so entered by the trial court.

He contends in substance that the testimony does not warrant the conviction of murder in the first degree; that under the testimony he should be acquitted on the ground that the facts disclose no more than excusable homicide, sec. 340.30, as being a killing committed by accident and misfortune in the heat of passion upon a sudden and sufficient provocation; and further, that there were prejudicial errors in rulings by the trial court.

On the principal question involved, namely, whether the evidence supports the jury's verdict of murder in the first degree, we deem it unnecessary to detail the evidence more than is found in the statement above.

However much Ortiz may have been stirred in his feelings by the situation he discovered on approaching the

automobile in which were seated the deceased and Mrs. Ortiz, by what he actually saw transpiring, or by what was told him by Mrs. Ortiz as to indecencies by the deceased, nevertheless the circumstances that for more than a half a mile defendant rode on the running-board of the automobile, directed its course, and compelled the deceased to proceed while holding the loaded revolver during most if not all of the ride, within the automobile and pointed at the occupants, all presented a picture of a situation from which it could well be said that the defendant had ample opportunity to premeditate, and to avail himself of such time, so as to become responsible for one or both of the shots hitting the deceased, either of which shots being sufficient to cause death, make a case upon which the jury might find a verdict of first-degree murder. Being compelled by our careful consideration of the entire testimony to the above conclusion, the contention made by plaintiff in error that the facts demand a verdict and judgment of excusable homicide needs no further consideration.

We find no reversible or prejudicial error in the assigned errors. A witness testified as to a statement made to him by defendant while confined in the county jail indicating a desire to kill such witness. The objection to this was promptly sustained by the trial court and the jury then and there expressly charged to disregard the same.

Two police officers testified to statements claimed to have been made to them by the defendant after his arrest that he bought the box of revolver cartridges found in his suit-case two or three days before September 15th. On cross-examination they were asked to note a date alleged to have been stamped upon such box, which cross-examination the trial court then stopped. Assuming that such examination was aimed at showing, by some stamped date on the box, that it indicated a purchase long prior to the days as shown by the testimony of the two officers and possibly to correspond with the earlier date of purchase as testified to by

Ortiz, yet such stamped date, if any, is not made a matter of record here nor does the box itself appear, and counsel who then represented the plaintiff in error, but other than those who represent him now, in no manner indicated, at the time of such cross-examination, what date did appear by such stamp. We can accord no substance to this assignment of error.

*By the Court.*—Judgment affirmed.